FILED

JUL 13 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C-10-00395 PJH (DMR) |
| Plaintiff, | **ORDER** |
| v. | |
| JASON ARTHUR PIETTE, | |
| Defendant. | |

## I. DETENTION ORDER

Defendant Jason Arthur Piette pled guilty on September 16, 2010, to Count One of the above-captioned indictment charging him with conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349. Defendant remained out of custody pending sentencing subject to the original terms of his pretrial release on a $50,000 unsecured bond. Defendant was being supervised out of the Central District of California.

On June 27, 2011, the Court conducted a bail review hearing to address allegations by the Pretrial Services Officer related to Defendant's arrest on June 8, 2011. According to a police report by the West Hollywood Police Department, Defendant had $34,000 cash in two paper bags in the front passenger seat of the car he was driving when arrested at approximately 1:00 a.m. He was charged with receipt of drug proceeds with intent to conceal in violation of California Health and Safety Code Section 11370.9.

cc: Copy to parties of record, Nichole, Pretrial Services, 2 Certified Copies to the U.S. Marshal

Defendant was unable to appear on June 27, 2011, due the a flight delay that morning. Defendant and his counsel appeared on June 29, 2011 to address the allegations in the Pretrial Services Officer's memorandum. Defense counsel proffered that the $34,000 referenced in the police report did not come from illegal activities, but rather constituted both the return of a personal loan and Defendant's savings. The Court set a further detention hearing to take place on July 8, 2011, and ordered Defendant to submit a written proffer by July 7, 2011 in support of his continuing release that set forth the details regarding the source of the $34,000. Defendant did not file the requested proffer on July 7, 2011; instead, Defendant filed a pleading agreeing to surrender to the custody of the United States Marshals Service.

The parties appeared on July 8, 2011. As Defendant has already pled guilty and is awaiting sentencing, this matter is governed by 18 U.S.C. § 3143(a), which requires Defendant to prove by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. In light of Defendant's decision not to proffer information in support of his release, and after considering the parties' paper, the bail study, the June 13, 2011 memorandum prepared by the United States Pretrial Services Office, and the parties' arguments to the Court, the Court finds that Defendant failed to carry his burden of showing by clear and convincing evidence that he is not a danger to the community as required by Title 18, United States Code, Section 3143(a). Defendant has been remanded to the custody of the United States Marshals Service.

## II. CONCLUSION

The Court detains Jason Piette as a danger to the community, pending sentencing in this matter. Defendant is committed to the custody of the Attorney General or a designated representative.

IT IS SO ORDERED.

Dated: July 13, 2011

DONNA M. RYU
United States Magistrate Judge